NUMBER 13-09-104-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOSHUA DELEON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Vela



 On July 18, 2007, appellant, Joshua DeLeon, was indicted for the offense of
burglary. See Tex. Penal Code Ann. § 30.02 (Vernon 2007). DeLeon pleaded guilty and
was sentenced to two years in a State Jail Facility, probated for three years, and was
assessed a fine of $500.00. On January 20, 2009, the State filed a motion to revoke
DeLeon's probation, alleging that DeLeon had violated his probation by committing the
offense of aggravated assault causing bodily injury, failure to report, failure to perform
urinalysis, and failure to pay his supervisory fees. At a hearing, DeLeon pleaded "true" to
all allegations except for the allegation regarding the aggravated assault, which the State
abandoned. The trial court found the allegations to be true and sentenced DeLeon to
twelve years' incarceration in the Institutional Division of the Texas Department of Criminal
Justice. Concluding that there are no meritorious issues for appeal, DeLeon's appellate
counsel has filed a brief in which he reviewed the merits, or lack thereof, of the appeal. 
The State has not filed a brief. We affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief in which he has concluded
that there are no appealable issues for this Court to consider. See Anders v. California,
386 U.S. 738, 744 (1967). Appellant's brief meets the requirements of Anders. See id. at
744-45; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); see also
In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders
brief need not specifically advance 'arguable' points of error if counsel finds none, but it
must provide record references to the facts and procedural history and set out pertinent
legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 
In compliance with Anders, following his review of the Court's file and the transcripts, his
research, and his correspondence with appellant, counsel presented a professional
evaluation of the record including, among other things, a review of grand jury proceedings,
pre-trial motions, research and investigation, competency, sentencing, right to present
evidence during the guilt/innocence and punishment stages, and right to appeal. See
Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see
also High, 573 S.W.2d at 812.

 Counsel has informed this Court that he has reviewed the record and concluded
there are no arguable grounds for reversal. He has also informed this Court that he
provided appellant with a copy of the transcripts in his case, a copy of the brief, and
notified appellant of his right to review the record and to file a pro se response to counsel's
brief and motion to withdraw. (1) See In re Schulman, 252 S.W.3d at 409 n.23. More than
an adequate period of time has passed, and appellant has not filed a pro se response. 
See In re Schulman, 252 S.W.3d at 409; see also Anders, 386 U.S. at 744-45; Stafford,
813 S.W.2d at 509; High, 573 S.W.2d at 813.

II. Independent Review

 The United States Supreme Court advised appellate courts that upon receiving a
"frivolous appeal" brief, they must "conduct 'a full examination of all the proceedings to
decide whether the case is wholly frivolous.'" Penson v. Ohio, 488 U.S. 75, 80 (1988)
(quoting Anders, 386 U.S. at 744); see Ybarra v. State, 93 S.W.3d 922, 926 (Tex.
App.-Corpus Christi 2002, no pet.). Accordingly, we have carefully reviewed the record
and have found nothing that would arguably support an appeal. See Bledsoe v. State, 178
S.W.3d 824, 826 (Tex. Crim. App. 2005); Stafford, 813 S.W.2d at 509. We agree with
counsel that the appeal is wholly frivolous and without merit. See Bledsoe, 178 S.W.3d
at 827-28 ("Due to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for reversible error but
found none, the court of appeals met the requirements of Texas Rule of Appellate
Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. In accordance with Anders, appellant's
attorney has asked this Court for permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery
v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an
attorney believes the appeal is frivolous, he must withdraw from representing the appellant. 
To withdraw from representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations
omitted)). We grant his motion to withdraw. Within five days of the date of this Court's
opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and
to advise appellant of his right to file a petition for discretionary review. (2) See Tex. R. App.
P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d
670, 673 (Tex. Crim. App. 2006). 

 

 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 5th day of November, 2009.
1. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)). 
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.